**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                    :
ROBINSON ALBERTO GONZALES-BUILES, : CIVIL ACTION NO. 05-1146 (MLC)
                                    :
     Petitioner,                    :   MEMORANDUM OPINION
                                    :
     v.                             :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
     Respondent.                    :
_____ :
```

**COOPER, District Judge**

This matter comes before the Court on (1) the <u>pro se</u> motion of Robinson Alberto Gonzales-Builes ("petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and (2) the cross motion of the United States ("respondent") to dismiss the petition for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Respondent contends, <u>inter alia</u>, that the action is time-barred. The underlying criminal case in this Court was <u>United States v. Gonzales-Builes</u>, Crim. No. 99-667-03 (MLC). For the following reasons, issued without oral argument, <u>see</u> Fed.R.Civ.P. 78, the Court will (1) deny the § 2255 motion, and (2) grant the cross motion to dismiss.[1]

_____

[1] All of the records relevant to this matter have been electronically filed as the following numbered docket entries ("dkt."): § 2255 motion (dkt. 1); brief in support of petition (dkt. 2); <u>Miller</u> notice (dkt. 3); petitioner's response to <u>Miller</u> notice (dkt. 4); notice of cross motion (dkt. 9-1); respondent's supporting brief (dkt. 9-2); presentence report ("PSR") (dkt. 9-3, Ex. A); plea agreement (<u>Id.</u>, Ex. B); transcript of plea

## BACKGROUND

Petitioner was indicted with two co-defendants on one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin, contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846.  (PSR ¶ 1.)  He entered into a written plea agreement stipulating that the amount of heroin involved in the offense was at least one but less than 3 kilograms.  (Id. ¶ 6.)  The plea agreement reserved the right of each party to argue for an upward or downward adjustment in the guidelines calculation based on role in the offense.  (Id.) He pleaded guilty at a Rule 11 hearing on May 31, 2000, during which he acknowledged under oath that his offense did involve more than one kilogram of heroin.  (Dkt. 9-3, Ex. C, at 28-29.)

The statutory range for imprisonment, based upon the facts admitted by the petitioner in the plea hearing, was a ten-year mandatory minimum and a maximum of life.  21 U.S.C. § 841(b)(1)(A).  Petitioner was sentenced to the mandatory minimum, 120 months of imprisonment, and five years of supervised release. (Dkt. 9-4, Ex. E.)

The term of imprisonment was based on the facts admitted by petitioner at the plea hearing as to description and quantity of

---

hearing (Id., Ex. C); transcript of sentencing hearing (dkt. 9-4, Ex. D); judgment of conviction (Id., Ex. E); Court of Appeals Memorandum Opinion filed 11-8-01 (Id., Ex. F); Anders brief of trial counsel, filed in Court of Appeals (Id., Ex. G); and petitioner's brief on direct appeal (dkt. 9-5, Ex. H).

substance, and a further finding made by this Court at the sentencing hearing on October 30, 2000. (Dkt. 9-4, Ex. D.) Specifically, the Court made a factual finding that petitioner had an aggravating role in the offense, pursuant to USSG § 3B1.1(c). (Id. at 16-19.) This finding produced a two-level enhancement in the offense level calculation, and rendered him ineligible for "safety valve" treatment under 18 U.S.C. § 3553(f) and USSG § 5C1.2. As a result, he was subject to the mandatory 10-year minimum under 21 U.S.C. §§ 841(b)(1)(A) and 846. (Id.)[2] If he had not sustained the aggravating role enhancement, safety valve treatment would have produced a total offense level of 27 and a guidelines imprisonment range of 70-87 months. (Id. at 22.) The judgment of conviction was filed on October 31, 2000, and petitioner appealed.

Petitioner raised two issues on appeal: whether the District Court erred (1) by finding that he played an aggravating role in

---

[2]   Petitioner's guidelines imprisonment range as calculated by this Court, using the May 1, 2000 edition of the Sentencing Guidelines Manual, was as follows: Base offense level 32 (USSG § 2D1.1(c)(4)), based upon admitted quantity of heroin at least one but less than three kilograms of heroin; two-level upward adjustment for aggravating role (USSG § 3B1.1(c)); three-level downward adjustment for acceptance of responsibility (USSG §§ 3E1.1(a) and (b)); resulting total offense level 31; criminal history category I (zero criminal history points); guideline range for imprisonment would be 108-135 months, but due to the 120-month statutory mandatory minimum, guideline range was 120-135 months. (PSR ¶¶ 24-39, 53-54; dkt. 9-4, Ex. D, at 18-19.)

the conspiracy, thus adding two levels to his offense level, and (2) in not applying the safety valve. (Dkt. 9-4, Ex. F, at 4.) The Court of Appeals concluded that the role enhancement finding was not erroneous based upon the record at sentencing, and that petitioner therefore did not meet one of the required criteria for the safety valve. (Id. at 4-5.)

The judgment of the Court of Appeals was filed on November 8, 2001. (Id. at 1.) Petitioner did not seek a writ of certiorari, so the conviction became final 90 days later, on February 6, 2002. See Kapral v. United States, 166 F.3d 565, 570-71 & n.13 (3d Cir. 1999); Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner filed this motion under 28 U.S.C. § 2255 on February 28, 2005, more than three years after his conviction became final.

## DISCUSSION

Under 28 U.S.C. § 2255:

A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the motion. United States v. Abbott, 975 F.Supp. 703, 705 (E.D. Pa. 1997).

4

We read petitioner's motion and supporting memorandum to assert two claims: (1) the sentence was imposed in violation of the Sixth Amendment rights to jury trial and proof beyond a reasonable doubt, because the two-level aggravating role enhancement was based upon judicial fact-finding, which prevented him from qualifying for safety valve treatment; and (2) the role enhancement was not supported in the record at sentencing.  In support of his first ground, petitioner purports to rely upon Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).

We are constrained to hold that under clear Third Circuit precedent, petitioner's constitutional claim is both time-barred and not cognizable in this Section 2255 motion.  Likewise, his claim of sentencing error is not subject to collateral attack because it has been adjudicated on direct appeal.  These conclusions are based upon an examination of the record, which reveals no issues requiring an evidentiary hearing.  See U.S. v. McCoy, 410 F.3d 124, 131-35 (3d Cir. 2005).

**1.   Statute of Limitations**

Section 2255, ¶ 6, provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

...

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

Petitioner acknowledges that his § 2255 motion was not filed within one year of February 6, 2002, the date his conviction became final, but asserts that his motion is timely under subsection (3) because his filing date (February 28, 2005) is within one year after Blakely was decided (June 24, 2004).  (Dkt. 2, at 3-5.)  He also relies on Booker, which was decided on January 12, 2005.  (Id.)  This argument, however, is foreclosed by Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005), which states that where, as here, a petitioner's conviction became final before either Blakely or Booker were decided, "both Blakely and Booker would have to be given retroactive effect in order for them to be applied to [petitioner's] case."  Id. at 612.  Specifically, Lloyd held that Booker did announce "a new rule of criminal procedure," but it did not fall within the narrow exception permitting retroactive effect, and therefore Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker was decided.  Id. at 615-16.  Accordingly, we hold that petitioner's § 2255 motion is time-barred because none of

the exceptions to the one-year limitation period apply in this case.[3]

## 2. Booker Claim

Even if petitioner's claim were not time-barred, he cannot prevail on his Apprendi/Blakely/Booker claim on the merits, for the same reason stated above.  Here, the record conclusively shows that petitioner's conviction became final before Booker was decided on January 12, 2005.  Even if he had filed for collateral review prior to the announcement of Booker, that decision is not applicable retroactively once a conviction is final.  Lloyd, 407 F.3d at 614.[4]

---

[3]  The limitations period under § 2255 can be subject to equitable tolling.  See Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998).  However, petitioner has fully explained his grounds for late filing in his brief in support of the petition, and petitioner has been given notice of respondent's cross motion to dismiss the petition as time-barred, but petitioner has not invoked any equitable tolling argument.  We have no basis, therefore, to conclude that the late filing of the petition is excused by equitable tolling.

[4]  Although petitioner's Section 2255 motion invokes Blakely primarily rather than Booker, the result is the same.  As the Third Circuit pointed out:

> It is the date on which Booker issued, rather than the date on which Blakely issued, that is the "appropriate dividing line." ... Blakely ... reserved decision about the status of the Federal Sentencing Guidelines, and Booker established a new rule for the federal system.

Lloyd, 407 F.3d at 611, n.1 (citing McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)).  Likewise, in Apprendi, a case arising out of state rather than federal sentencing, the Supreme Court expressly declined to expand its existing federal Guidelines precedent.  530 U.S. at 497 n.21.

### 3.  Claim of Sentencing Error

Reading petitioner's pro se motion liberally, as is
appropriate, Haines v. Kerner, 404 U.S. 519 (1972), we surmise
that he may be attempting to raise again on collateral attack an
argument of error in sentencing.  This argument is foreclosed by
the decision of the Court of Appeals in his direct appeal.  There
it held that the District Court did not err (1) by finding that
he played an aggravating role in the conspiracy, or (2) in not
applying the safety valve, with the resulting sentence being
based upon the statutory minimum for the offense.  (Dkt. 9-4, Ex.
F, at 4-6.)  We cannot revisit that ruling here, as a petitioner
"may not relitigate issues that were decided adversely to him on
direct appeal by means of a Section 2255 petition." Sonneberg v.
United States, No. 01-2067, 2003 WL 1798982, at *2 (3d Cir. Apr.
4, 2003) (citing United States v. DeRewal, 10 F.3d 100, 105 n.4
(3d Cir. 1993)).

### CONCLUSION

Petitioner seeks relief under 28 U.S.C. § 2255, and the
respondent cross-moves to dismiss the petition.  Petitioner's
motion will be denied for the reasons stated herein. The Court
having thus determined that the petition is time-barred, and that
neither of petitioner's asserted grounds state a claim for relief
under Section 2255, we will grant the government's cross motion.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  Cf. Fed.R.App.P. 22; Local App.R. 22.2.  A certificate of appealability is issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); United States v. Cepero, 224 F.3d 256, 267-68 (3d Cir. 2000).  For the reasons discussed above, the petition does not assert constitutional claims that can be redressed in this Section 2255 motion.  The Court will issue an appropriate order and judgment.

                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge